IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| ANGELA WRIGHT-HINES, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 07-2422-JPM/dkv |
| | ) | |
| MICHAEL ASTRUE, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Appellee. | ) | |

_____

**ORDER ADOPTING REPORT AND RECOMMENDATION;
ORDER DENYING MOTION FOR DEFAULT JUDGMENT**
_____

Pending before the Court is the Report and Recommendation of Magistrate Judge Diane K. Vescovo, submitted April 30, 2008 (Doc. 32), recommending that the Commissioner of Social Security's decision to deny Wright-Hines's claims under the Social Security Act for disability benefits under 42 U.S.C. § 401 et seq. and 42 U.S.C. § 1381 et seq. be affirmed.  Appellant Wright-Hines filed a Motion for Default Judgment (Doc. 35) and objections to the Magistrate Judge's Report (Doc. 36) on May 28, 2008.

In determining that it is appropriate to affirm the Administrative Law Judge, the Magistrate Judge found that there was substantial evidence to support the decision that (i) because Wright-Hines was not disabled the material factor

analysis did not apply to her drug abuse and that (ii) Wright-Hines's impairments did not meet or equal those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Finally, the Magistrate Judge found that the Administrative Law Judge did not rely on or present a hypothetical question to a vocational expert and, therefore, Wright-Hines's contention that he erred in failing to include all her impairments when he did so was without merit.

Wright-Hines's objections to the Magistrate Judge's Report are (1) that "the court did not addressed [sic] the default of the defendant in accordance to the rules of civil procedure, when the defendant requested extension of time to prepare the Brief but did not follow the guidelines and rules of the C.P.R. in accordance to Local, Federal Rules Supreme guidelines and Rules" and (2) that the Administrative Law Judge improperly relied upon a vocational expert in its decision.

A district judge should conduct a *de novo* review when a magistrate judge enters a report and recommendation as to a pretrial motion under 28 U.S.C. § 636(b)(1)(C) and Rule 72(b). The judge may accept, reject, or modify the recommendations of the magistrate judge and may receive additional evidence on the matter.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Upon de novo review of the Magistrate Judge's Report and Recommendation, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety, DENIES Wright-Hines's

2

appeal, and AFFIRMS the decision of the Administrative Law Judge.

First, Appellant's request for a default judgment is both procedurally improper and without merit. Before a litigant may move for a default judgment, he must first move the clerk of court for an entry of default pursuant to Fed. R. Civ. P. 55(a). In this case, not only has there been no entry of default by the clerk, but also there are no grounds upon which to do so. The Commissioner has timely filed all pleadings required to adjudicate a Social Security appeal.

Second, Appellant's objection is also unavailing. Though a state agency vocational expert's assessment was part of the record before the Administrative Law Judge, her opinion was not relied upon in the manner suggested by Wright-Hines. Accordingly, whether or not the vocational expert was correct in considering Wright-Hines's brief work as a cashier in composing her assessment is immaterial to this appeal.

For the reasons discussed, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety, DENIES Wright-Hines's appeal, and AFFIRMS the decision of the Administrative Law Judge.

So ORDERED this 10th day of June, 2008.

/s/ JON P. McCALLA  
UNITED STATES DISTRICT JUDGE